UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM GOBER,<br><br>                    Plaintiff,<br><br>v.<br><br>TAMMY M. HOWARD, et al.,<br><br>                    Defendants. | 3:20-cv-00513-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Adam Gober's ("Gober"), application to proceed *in forma pauperis* (ECF No. 4), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Gober's *in forma pauperis* application (ECF No. 4) be granted, and his complaint (ECF No. 1-1) be dismissed without prejudice.

**I.      *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1  affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he
2  supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity,
3  definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation
4  marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits
5  of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

6      A review of the application to proceed IFP reveals Gober cannot pay the filing fee;
7  therefore, the court recommends that the application (ECF No. 4) be granted.

8  **II.    SCREENING STANDARD**

9      Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A
10 provides, in relevant part, that "the court shall dismiss the case at any time if the court
11 determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim
12 upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is
13 immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an
14 arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This
15 includes claims based on legal conclusions that are untenable (e.g., claims against
16 defendants who are immune from suit or claims of infringement of a legal interest which
17 clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,
18 delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th
19 Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same
20 standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure
21 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal
22 where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl.*
23 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

24     The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom*
25 *Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must
26 accept as true all well-pled factual allegations, set aside legal conclusions, and verify that
27 the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.    SCREENING OF COMPLAINT

In his complaint, Gober, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), sues Defendants Clerk of the Georgia Superior Court Tammy M. Howard and Assistant Clerk of the Georgia Superior Court S. Z. (*See* ECF No. 1-1 at 2.) Gober alleges that the Defendants denied his request to provide him with the rules of the Superior Court of Georgia so he can file a habeas corpus petition, in violation of his rights to due process and access to the courts. (*Id.* at 3-4.)

A civil action must be brought in (1) a judicial district in which any *defendant* resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

There is no indication that any of the individual defendants reside in the District of Nevada. Instead, the factual allegations reveal that Gober is attempting to file a habeas corpus petition with the Superior Court of the State of Georgia as to Defendants who reside

in the State of Georgia.

In sum, Gober has not alleged that any defendant resides in the District of Nevada, that any of the events giving rise to the action transpired here and he has not otherwise alleged any connection to this District. Therefore, it appears the court lacks personal jurisdiction over the defendants and venue is improper here. The action should be dismissed, without prejudice, only to the extent Gober may file a complaint stating plausible claims for relief in the correct court.

## IV.  CONCLUSION

Consistent with the above, the court finds that dismissal is warranted based on a lack of personal jurisdiction and improper venue.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Gober's application to proceed *in forma pauperis* (ECF No. 4) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Gober's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED, WITHOUT PREJUDICE**, to the extent Gober can assert plausible claims for relief in the correct court; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

DATED: October 19, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**