# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADAM GOBER,<br><br>                          Plaintiff,<br>      v.<br><br>TAMMY M. HOWARD, *et al.*,<br><br>                        Defendants. | Case No. 3:20-cv-00513-MMD-CLB<br><br>ORDER |

    *Pro se* Plaintiff Adam Gober brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), primarily recommending the Court dismiss Plaintiff's complaint, without prejudice, for lack of personal jurisdiction. Plaintiff had until November 2, 2020 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Plaintiff's Complaint without prejudice.

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

///

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends that Plaintiff's application to proceed *in forma pauperis* be granted because Plaintiff's application reveals he cannot pay the filing fee. (ECF No. 5 at 2.) Judge Baldwin goes on to note Plaintiff's Complaint only alleges claims against Defendants Clerk of the Georgia Superior Court, Tammy M. Howard, and Assistant Clerk of the Georgia Superior Court, S.Z. (*Id.* at 3.) But in order to proceed with a civil action, the Court must have personal jurisdiction over the named defendants. *See* 28 U.S.C. § 1391(b)(3). Judge Baldwin thus determined the Court likely lacks personal jurisdiction over Defendants as that there is no indication in Plaintiff's Complaint that either of the individual defendants resides within the District of Nevada. (ECF No. 5 at 3-4.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is granted.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1), is dismissed, in its entirety, without prejudice, to the extent Plaintiff can assert plausible claims for relief in the correct court.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 6th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE